IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON MCCALL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-403-WKW |
| ) | [WO] |
| THE COUNTY OF LOWNDES, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the court is a Motion for Judgment on the Pleadings (Doc. # 28), filed by Defendants Carnell McAlpine and Brent Crenshaw, who are former members of the Lowndes County Commission (Commission). Plaintiffs Aaron McCall, Karl Bell, and Helenor T. Bell did not file a response to the motion within the deadline established in the General Briefing Order. (Doc. # 23 at 2–3.)

McAlpine and Crenshaw are the remaining Defendants. They previously filed answers, while the other Defendants jointly filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The motion to dismiss was granted on the federal-law claims because the Complaint failed to state a plausible

---

[1] The other Defendants were Lowndes County, Lowndes County Commission, Joseph Barganier, Jr., W. Dickson Farrior, Robert Harris, Joshua Simmons, and Charlie King, Jr. Barganier, Farrior, Harris, Simmons, and King are present commissioners.

equal protection claim; it did not allege a sufficiently similar comparator as necessary to infer discriminatory intent. (Doc. # 27 at 8—15.) Supplemental jurisdiction over the Complaint's two state-law claims was declined. 28 U.S.C. § 1367(c)(3). Hence, the 42 U.S.C § 1983 claims were dismissed with prejudice, and the state-law claims were dismissed without prejudice. (Doc. # 27 at 15 (January 9, 2023 Order).)

The claims against McAlpine and Crenshaw are identical to the claims against the dismissed Defendants. The Complaint alleges that all Defendants—Lowndes County, the Commission, and the current and former Commissioners—violated the Equal Protection Clause when the Commission brought an earlier lawsuit against them, which Plaintiffs say was racially motivated. The Complaint also brings state-law claims for malicious prosecution and abuse of process against all Defendants.

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Because the standard of review and the causes of action are the same against all Defendants, McAlpine and Crenshaw argue that the "reasoning for granting the Motion to Dismiss set forth in the Memorandum Opinion and Order of January 9, 2023, applies with equal force to the claims alleged against [them]." (Doc. # 28 at 2.) That argument is correct.

Accordingly, it is ORDERED that McAlpine and Crenshaw's Motion for Judgment on the Pleadings (Doc. # 28) is GRANTED and that the equal protection claims are DISMISSED with prejudice. No federal-law claims remain.[2] Exercising its discretion, the court declines to retain supplemental jurisdiction over the state-law claims against all Defendants, *see* 28 U.S.C. § 1367(c)(3), and it is ORDERED that the state-law claims are DISMISSED without prejudice.

It is further ORDERED that the January 9 Order (Doc. # 27) is AMENDED to reflect today's date as the date the state-law claims were dismissed against Lowndes County; the Lowndes County Commission; Joseph Barganier, Jr.; W. Dickson Farrior; Robert Harris; Joshua Simmons; and Charlie King, Jr.[3]

Final judgment will be entered separately.

DONE this 16th day of March, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[2] When the January 9 Order was entered, the federal-law claims against McAlpine and Crenshaw remained pending; therefore, it was error to find that no federal-law claims remained after the dismissal of the equal protection claims against Lowndes County, the Commission, Barganier, Farrior, Harris, Simmons, and King. (Doc. # 27 at 15.) At that stage, supplemental jurisdiction existed over Lowndes County, the Commission, and the five current commissioners because 28 U.S.C. § 1367(a) encompasses "claims that involve the joinder . . . of additional parties." 28 U.S.C. § 1367(a); *see also Ortega v. Brock*, 501 F. Supp. 2d 1337, 1340–41 (M.D. Ala. 2007) ("[P]endent-party jurisdiction is . . . cognizable as a form of supplemental jurisdiction under 28 U.S.C. § 1367(a).").

[3] The consequence of the amendment to the January 9 Order is that the limitations period for the state-law claims brought under § 1367(a) against Lowndes County, the Commission, and the five current commissioners are subject to the tolling provisions of § 1367(d) as calculated from today's date.